Good morning and welcome to the Ninth Circuit. We're very pleased to be with you this morning. Judge Nelson and I would like to welcome our colleague from the Sixth Circuit, the Honorable Eugene Seiler, and we want to thank him for his continued service to the United States and to this court. We have three matters that were ordered and submitted on the briefs, United States v. Kais, Brown v. State of Nevada, and Zuniga v. Saul. We have three matters on the oral argument calendar, which we will take in the order in which they appear. So we will begin with United States v. Shehadeh. Good morning. You may please the Court. My name is David Fisher, and I represent the appellant, Jamal Shehadeh. I'd like to reserve two minutes for rebuttal, if I could. Mr. Shehadeh's conviction should be overturned because his guilty pleas were coerced by the threats that his wife and his sister were going to be prosecuted for alleged crimes. I think what needs to be clarified is kind of the order of events, because the government is claiming that that's not what caused Mr. Shehadeh to change his plea. Can we get to the jurisdictional issue first? Because one of my fundamental questions is are you appealing or any of your claims on appeal related to the restitution order, or do they all center around the conviction and the sentencing? So, yes, they do involve the restitution order. The only basis to challenge the restitution order is that the plea itself was involuntary, and so there's no basis to order a restitution. And then, okay, so some of them do relate to the restitution order. So you think you could, if we found that there was only jurisdiction to appeal the restitution order, we would still need to address some of these questions, is that correct? Yes. Okay. And why don't you tell us why you think there was jurisdiction for us even to address the conviction and the sentencing? So for two reasons. You look at Dolan and Manrique. Dolan said that a person could appeal a final judgment or a judgment of a sentence imposing an imprisonment, and then you have Manrique that says that when there's an amended judgment that a notice of appeal has to be filed. We have Justice Ginsburg in her dissent, I believe, just outlines the state of the law after Manrique, which is in a deferred restitution case, a defendant has two choices. He can either file a notice of appeal immediately after he's sentenced and then file another one after the restitution order is made, or he can wait until the restitution order is made and file a single notice challenging his conviction, sentence of imprisonment, and restitution. The government says that that's just her opinion. That's not reflective of what the majority's opinion is. Well, it's actually the dissent. Right. But I'm just clarifying. Her dissent in that case was she would have granted the relief to Manrique because he filed a notice of appeal after he was sentenced initially, and then when the judgment was amended to order restitution, the district court clerk transmitted that amended judgment to the district court, and that should have substituted for a new notice of appeal. That was her dissent, and that's why she would have ruled differently. And so this case is slightly different than Manrique because here you don't have any notice of appeal. Manrique, in theory, you had a premature notice of appeal, at least as to the restitution order. Here you didn't have any notice of appeal until after the restitution order. And as I read Manrique, it says specifically that there are two final judgments that are appealable. And if that's what the majority says, why don't we follow that and say you've got a final judgment on the conviction and the sentencing, and that had to be filed, you know, within 30 days after that, and then you've got a second one after the restitution. Why would they roll in? Manrique seemed to, even though not addressed the question specifically, seemed to undermine the argument that you're making here. I don't think that it does. I think the only holding in Manrique is that if there's an amended judgment, you have to file a new notice of appeal. And then you have Dolan that says you can file a notice of appeal after the initial sentencing hearing where a judgment is imposed. It doesn't specifically state that there are two specific ones and that you have to file a notice of appeal after each specific judgment is entered. And I think Justice Ginsburg's dissent just helps articulate what the rule is after Manrique, which is you have those two choices. You can either wait until the end or not. And I think alternatively, if this Court doesn't agree with that analysis, there is that case of Garza v. Idaho where Mr. Shehata asked his attorney within the 14 days to file a notice of appeal, and he didn't do it. He didn't use the specific words notice of appeal, but he definitely said, I want you to appeal this, I want you to try to withdraw, I want you to get me out of this. And so without using the specific magic words, please file a notice of appeal with the District Court of the Eastern District of California, he certainly said get me out of this within 14 days. I don't remember that. Was there anything filed with the Court? Yes. Well, was there anything filed with the Court? In Garza v. Idaho. No. In Garza v. Idaho, the defendant told his attorney file a notice of appeal, and the attorney said, no, there's a waiver, appellate waiver. I'm not filing a notice of appeal for you. And in that case, the Supreme Court said that the failure to file a notice of appeal constituted ineffective assistance of counsel. But was that decided on direct appeal, or was that on a habeas petition that they said ineffective assistance of counsel? That I don't know the answer of. I don't know the answer to that question. But regarding that ultimate issue as to whether the notice of appeals were filed late and things like that, Mr. Shaheda definitely asked his attorney to file an appeal within the 14 days. Well, can this be brought up later if you lose and come up on ineffective assistance of counsel on a collateral tax? I'm not sure about the answer to that. I think there are other claims that could be made for ineffective assistance of counsel. I'm not sure that that claim could be re-litigated in a habeas petition. But if you told him to file a notice of appeal and counsel didn't do it and we rule against you, that sounds like at least a coverable claim of ineffective assistance of counsel, doesn't it? It does. It does. Counsel, why don't you turn to the question of coercion? And my question is, how can we credit this when your client was put under oath and the district court examined him carefully and asked him questions? Has anybody coerced you? No. So why are we supposed to believe him when he comes back later and says, oh, I was wrong. I really was coerced. Sure. The circumstances of the plea and sentencing itself are one thing, right? You've got a 59-year-old person who's pleading to 30 years in federal prison. It happens all the time. He did it on a Saturday night. Well, that was their request. And then the request was to do it as soon as possible. As soon as possible. And the court was open that day. It was put on the record that the courtroom was open, that notice had been given, the bug was in the building. It is a little unusual. But I don't know why that affects the coercion that your client says he suffered. And then you have a plea agreement where there's a promise not to prosecute his wife and not prosecute his sister. And apparently put in at the request of the defense counsel. Right. And that was coerced. And your client read that and initialed every page. He had to initial two pages separately in a different color ink because of a typo. Sure. So I think if you look at the substance of events, it happens, the discovery is provided just before the trial is going to commence. His attorney talks to him about it on the Thursday night before. Then there's the change of plea hearing on Friday night. He's put in his declaration. The change of plea is Saturday night, right? Saturday night, yes. So there's a meeting on Thursday, a plea agreement signed on Friday, and the change of plea hearing happens on Saturday night. So as far as whether there's a threat, you've got, I can point the court to specific things. You've got 212, ER-212, which talks about Mr. Bachman's email memorializing his conversation with the prosecutors that they told him that they intended to prosecute his wife and sister but accepted the plea agreement instead. You've got the government's answering brief where it says they don't dispute the fact that this conversation occurred. And then you have ER-117, and repeated on ER-206, where the government writes in its brief, under the circumstances it was smart for the defendant and or his lawyers to independently identify this issue and seek the immunity provision. So this is not something where this is just something made up out in the after effect. It's something where he says they threatened me. The only reason that I did it is because they were going to prosecute my wife and my sister, and that's the only reason I changed my plea to guilty. Right. But he told the court that he was not being coerced. He did. But I think if you look at the circumstances and the hesitation. Did he lie? Is he inviting now to get out of the plea but accept a conviction for perjury? Yes. So that would be it. And if you give him the circumstances of what happened and you look at the totality of the circumstances, this is what he felt he had to do to protect his wife, protect his sister. But for those threats, a prosecution of them, he wouldn't have pleaded guilty. He would have gone to trial. You've consumed all of your time, but we used a lot of it for you. I will allow you two minutes for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Christopher Hales for Appalachia United States. I was also one of the counsel for the government in the district court. I want to respond briefly to a couple of things that Mr. Fisher just said and then answer any questions that the panel has. First, with respect to Mr. Shaheda asking his counsel to file an appeal, I do want to note that the letter that has been cited in Mr. Shaheda's briefs for that is dated April 9th, which is approximately two months after the plea was entered on February 10th of 2018. It was too late then. Yes, Your Honor. And even further, that letter refers to the change of plea as having happened in March of 2018, while it's talking about Mr. Shaheda supposedly having told his attorneys to file an appeal shortly after he pled. So the idea that there's something in the record showing that he asked his attorneys to file a notice of appeal within 14 days of when he entered his plea, it's not there. There's nothing. But there was a February 26th letter to the judge. There is a letter that is the handwritten date on that letter is February 26th that Mr. Shaheda wrote, but it was not the docket, the court's docket. It wasn't filed until March 9th of 2018. So what is not clear is at what point the court received it or at what point defense counsel received that letter in time. The only thing tying it to February 26th is that plea. Even assuming we have jurisdiction at all, do we have jurisdiction to determine or would we have authority to determine the ineffective assistance of counsel claim or does that have to come on collateral attack? I think that would have to be raised on collateral attack, Your Honor. Is this an amended judgment, the restitution order? Tell me what that means by being an amended judgment. Does that amend the initial conviction and sentencing judgment? No, the sole thing it does is add restitution to the judgment, and that's it. Well, but if it amends that original order, then why isn't it a new order that would then make the entire order appealable? Because of what Manrique says and what Your Honor was raising earlier, that the first judgment imposing the conviction and sentence, that was a final and appealable judgment. And the restitution statute that allows you to file an appeal or you're going to lose it. Under your theory, he can appeal the restitution, but he can't appeal anything else. That doesn't really make much sense. Otherwise, he had to file two notices of appeal. Manrique seems to permit the filing of two notices of appeal if you wish to. But what compels it? That's what the Court discussed in Dolan, which led into Manrique, was that they were not surprised to see cases where people had filed two notices. And it makes sense because the first judgment is final and appealable, and the rule requires the filing of a notice of appeal from that judgment at that time. So I tend to agree with you until we see an amended judgment. And is that really how courts are supposed to slice this, is to say, well, this is an amended judgment, but we're only going to look at what was issue a new amended judgment, why doesn't that just reinstate all those issues? I mean, the alternative was the district court could have just entered a second judgment, right? I mean, rather than issuing an amended judgment, why didn't it just issue a second judgment? I think, well, because what it needed to do was put restitution in the judgment form, but what it could not do was change the conviction or the custodial sentence at that point. For the reasons stated in the government's brief, there are only certain circumstances where that can happen, and none of those were identified here. And on top of that, the deferred restitution statute actually uses the words after sentencing. So what is happening when that restitution is added in the second judgment is, you know, the sentencing has already happened, and it is final and it is appealable, and the only thing being added on at that point is the restitution amount. And the government's position is that the defendant must file after the sentence is imposed, even before restitution is imposed or loses his rights to appeal the sentence. Yes, Your Honor. And it makes procedural. And your strongest case for that is what? Manrique. Manrique doesn't deal with that. Manrique is quite easily distinguished, I think. I think it's reading Manrique in connection with also McGill and looking at 3664 the restitution statute, the way that it's worded, and also looking at 18 U.S.C. 3582, the circumstances in which the actual sentence can be changed. None of those were present here. I mean, after looking at Manrique and looking at this question, I thought it was a very interesting question. But I have to say I was really surprised that we were unable to find any case on point in this circuit or any other circuit. And is the practice, does the practice conform to that, that defendants always take an appeal after the sentencing, even if restitution is to be imposed at a later date? I mean, I can't speak to the whole country, Your Honor. I can speak anecdotally from my experience that I haven't seen this situation arise that often. Is the government prejudiced in any way by waiting to get the notice of appeal until after restitution? I think they're not. Is it prejudiced in any way? I mean, in the sense that the rules as they are set up for final and appealable judgments? The government is surprised that he's going to appeal this after you get the restitution order? I think it's the institutional interest and finality in cases and the fact that this first judgment is a final and appealable judgment. If the defendant had filed a notice of appeal in a timely fashion after the sentence, would that deprive the district court of any jurisdiction until after the court of jury? Because it wouldn't have the case anymore, right? I believe that's correct, Your Honor. Well, or is it treated sort of like an attorney's fees claim where, you know, you can divest the district court of jurisdiction over the conviction in the sentencing, but then you have a remaining kind of restitution order that would be ancillary? I think that's the confusion here. I'm trying to look for analogies where you have two separate appealable orders coming out. And can we look to civil cases where a district court amends its judgment, you know, down the road? Say six months later it amends its final judgment. Doesn't that make the whole thing appealable when it amends its final judgment? With respect to a civil case and the different situations that can arise there, I didn't research that. But I can certainly file something supplemental if it's key to it. Well, I don't know if they're analogous now that I'm thinking about it because you have, I think the criminal rules of civil procedure are slightly different. But maybe not. When you're talking about a notice of appeal, I'm not sure why there would be a reason to have any difference. And so that's what's causing me some question here is if it's an amended judgment, it's odd to have multiple appealable judgments. Like I said, I think with the attorney's fees, that's one example. But usually you wait until final judgment and get everything up. I understand that, Your Honor. I think another thing to consider in connection with this is what happens if the restitution issue is abandoned and no amended judgment is ever entered, then what happens? You still have that first final appealable judgment with the conviction and sentence. If the government decided to, let's say midsummer, decided to abandon the restitution, what would it file with the court? Probably a notice that it was no longer seeking restitution, for example, if no victims had sought anything. Would the district court have to issue something? Would it have to grant the motion? Can you withdraw it on your own without any court response? I don't think further action would have to be taken at that point because the judgment, the original judgment, didn't impose any restitution. None was being sought. And so at that point, the judgment imposing the sentence. If at the time of sentencing no restitution was to be sought, then it would be pretty apparent to a defendant that he had to appeal, right? Presumably, Your Honor. You did tell the district court that you were seeking restitution. Yes, Your Honor. And that was apparent to the defendant as well. Yes. So he knew there were going to be further proceedings in his case. Yes, Your Honor. Okay. And if you had then told the court that you were no longer interested in seeking that and you had waited until after 30 days after the sentence, is he just out of luck? I mean, this has got to be part and parcel of your argument that he must appeal after the imposition of the sentence. Yes, and that is what I'm saying, that he would be out of luck in that situation because he's had a final appealable judgment go in that says what his sentence is, and it can't be changed now. The only thing the statute deferring restitution allows is for that restitution amount to be added, and it says it's happening after sentencing. And so, yes, it follows with the argument that if later in time the restitution wasn't added, if he did not appeal off of that first judgment, then he is out of luck. Does the question of coercion in this case go to the lawfulness of the restitution? Doesn't he have a defense to the restitution if he was coerced? Because the restitution is based on his plea. It is based on his plea. I mean, with respect to coercion, I would submit, including based on questions that Your Honor asked of Mr. Fisher earlier, that the record is clear that that. I got that part of your argument, but my question is different. Doesn't the question of coercion go to the lawfulness of the restitution? When he pled guilty, he admitted his guilt for purposes of sentencing, and he also admitted his guilt for purposes of restitution, right? So if he actually was coerced or, if in a subsequent proceeding, found to have ineffective assistance of counsel. If it went to anything, it would go. He's out for all purposes, right? It's a defense for all purposes, isn't it? I'm sorry, Your Honor. It's a defense for purposes of both sentencing and restitution. Doesn't it have to be? No. I would only agree to the extent. We can let him out of his sentence, but you still have to have the restitution? Only to the restitution portion, Your Honor. And I'm not even. So if he were to win on the coercion question, and we would allow him to withdraw the plea, he could go to trial, but he would still have to pay restitution even if he was acquitted? That doesn't make any sense, does it, counsel? Or are you saying the reverse, where if we said that the plea was involuntary, he can't challenge his conviction based on the involuntary plea, but he can challenge his restitution? Correct. Which is also odd. But I guess you would say he just waived it by not filing the notice of appeal. Yes, Your Honor, and also that clearly there was no coercion. Anything for the counsel? No, Your Honor. Thank you very much. Mr. Fisher, I give you the two minutes. Thank you. I guess I'll start. Does the Court have any questions of me? No. Okay. So as far as the evidence of the request for filing a notice of appeal after the initial judgment, I don't know if that makes any, if that's part of the Court's inquiry any further, but basically you've got Mr. Scioto's declaration in addition to the letter that he filed. He didn't file anything specifically with the Court because he had a lawyer, and he told his lawyer to do it and assumed that his lawyer would take the appropriate steps that would need to be taken. And then as far as the evidence of coercion, I would also point to his declaration that is at ER 209-210. There's no question he's got buyer's remorse. The question of coercion is something else entirely. Right. No, it's definitely coercion. That's the only reason. The only difference between the plea agreements is the one where they promise not to prosecute his wife and his sister. They also had additional evidence, which they'd shown to his counsel. His counsel seemed pretty anxious to get this wrapped up after they saw the additional evidence. So there was additional evidence that had not been present when the government had proffered the prior offer. That's true, but that was not what caused him to change his plea. There was additional. The fact of the matter is there was additional evidence. There was, but the only difference between the two is the promise not to prosecute his family. And then you have this occurring where his defense counsel absolutely was, you know, interested in wrapping this up quickly by suggesting that they do an initial change of plea in a sentencing hearing on the same night, one proceeding. Now, it may be that people plead guilty and get sentenced to 30 years quite often, but it doesn't happen on a Saturday night. It doesn't happen on the same proceeding. That just never happens where somebody just comes to federal court and pleads guilty. Please don't, you know, and there's evidence in the plea agreement. Don't prosecute my wife. Don't prosecute my sister. And then get sentenced to 30 minutes on a Saturday, 30 years. It just never happens. I hope he wins this case and goes back that all plea agreements are off and the wife and whoever else might have been declared no contest, that they'd have to go back to court. Yeah, absolutely. Because when you look at the government's claims, after you've taken a moment to look at them, instead of just responding reactively to the claim, you look at, like, the claim that they gave money to this guy. The guy's in jail. They're giving him $500 over 7 months, and it's in increments of 30, 40, 50, and the most common amount is, like, $20. So when you look at those things and you can say, hey, wait a minute, this is not witness tampering, this is not any of those things, of course he wants to go to court. What's the guideline range on his crime? Well, for what he pled to, the mandatory minimum sentence is 30 years. According to the government, if he loses on everything, the minimum is 55 years. I think his maximum is, you know, dozens of years. All right. Thank you, Mr. Fisher. Thank you both counsel for the argument. The United States v. Shaheed has submitted. The next case is Von Tobel v. Benedetti.
judges: Siler, Bybee, R. Nelson